UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JERRY PAYNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES L. LONG, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-2245 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he received an unauthorized sentence in violation of his due process and equal protection rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his amended complaint for screening (ECF No. 7). For the reasons set forth below the court will deny the motion to proceed in forma pauperis and recommend that this case be dismissed.

**SCREENING**

Before the court had the opportunity to screen the original complaint (ECF No. 1), plaintiff filed an amended complaint (ECF No. 7). Because an amended complaint supersedes any prior complaint Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), the court will screen the amended complaint.

////

1

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1 | 42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at
2 | 389. The statute requires that there be an actual connection or link between the
3 | actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
4 | Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
5 | (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
6 | meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
7 | omits to perform an act which he is legally required to do that causes the deprivation of which
8 | complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Amended Complaint

Plaintiff has named as defendants in this action: (1) James Long, the superior court judge who presided over plaintiff's 2004 criminal case and (2) Shauna Franklin, the district attorney who prosecuted plaintiff's 2004 criminal case. (ECF No. 7 at 1.) Plaintiff states that he "represented himself at trial and was given an unauthorized consecutive life sentence as punishment for exercising his constitutional right to represent himself." (Id. at 3.) He further claims that the court and the prosecutor knew the sentence was illegal and colluded to retaliate against plaintiff because he represented himself. Plaintiff appears to argue that his sentence of 25 years-to-life was not proportional to the crime committed. He claims that he "walked into a credit union and asked the teller for money," but "there were no weapons," "violence," or "threats of violence" involved. Plaintiff also claims the prosecutor amended the charge from one count of robbery to two counts of robbery.

////

He claims that his right to due process and equal protection were violated as a result of his sentence. He requests to have the unauthorized sentence "removed." (Id. at 6.)

**III.   Does Plaintiff State a Claim under § 1983?**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Plaintiff seeks to have the allegedly unauthorized sentence "removed." However, this case may not proceed as a civil rights action because an action for writ of habeas corpus is the exclusive method by which a prisoner may challenge the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole remedy is a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489) (Section 1983 actions do not lie when a state prisoner challenges the fact or duration of his confinement and seeks immediate release from prison.). Thus, this action should be brought, if at all, as a petition for writ of habeas corpus because plaintiff seeks to have his sentence invalidated which would necessarily shorten his duration of confinement.

Moreover, the court notes that plaintiff previously sought relief from his sentence as one of several claims brought in a federal habeas petition. See Payne v. Walker, No. 2:07-cv-1710 MDS, 2011 WL 4345868, (E.D Cal. Sept. 15, 2011). In assessing duplicative lawsuits, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dep't of health Servs., 487 F.3d 684, 689 (9th Cir.

4

2007), overruled on other grounds by Taylor v. Strugell, 553 U.S. 880, 904 (2008); see also Barapind v. Reno, 72 F.Supp.2d 1132, 1145 (E.D.Cal. 1999) ("A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal citation omitted).

In his 2007 habeas petition plaintiff alleged that the trial court's imposition of a consecutive sentence was unconstitutionally harsh and sought removal of the consecutive sentence. Payne, 2011 WL 4345868, at *5. The court determined that imposition of a consecutive sentence did not violate his federal constitutional rights. Id. at 9. In the present action, plaintiff seeks the same relief based on alleged violations of his right to due process and equal protection. Thus, it appears that plaintiff's sole claim in this action is duplicative of a claim he asserted in his prior habeas action. Accordingly, the court will recommend that this action be dismissed. See Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("IFP complaints may be dismissed as frivolous pursuant to §1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff) (citing Bailey v. Johnson, 846 F.2d 1019 (9th Cir. 1988)).

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, because the court has determined that this action is duplicative and fails to state a claim it will deny plaintiff's motion to proceed in forma pauperis as moot.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the complaint be dismissed for failure to state a claim and as duplicative of a prior claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner.Civil.Rights/payn2245.scrn.fr